UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.<br><br>Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>Defendant. | NO. 2:06-CV-00556TSZ<br><br>MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND<br><br>**NOTED FOR:** **FRIDAY, MAY 26, 2006** |

## I.  INTRODUCTION

COMES NOW plaintiff above-named, by and through his counsel of record, and moves this Court to amend the Complaint to clarify the status of the two defendants in the action and to remand the matter to the King County Superior Court.

MOTION TO AMEND/REMAND - 1 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## II. STATEMENT OF RELEVANT FACTS

Plaintiff filed this action on March 22, 2006, in the King County Superior Court. In doing so, plaintiff intended to name to two defendants – The Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") <u>and</u> the Mormon Church itself.[1]

Believing that the plaintiff had named only one defendant, defendant COP appeared through counsel and filed a Notice of Removal. While not conceding that the original complaint was inaccurate, in order to clarify the claims being asserted, plaintiff moves this Court to allow it to amend his complaint to clarify that there are, in fact, two defendants in the action. The proposed Amended Complaint is attached as **Exhibit A** to the Declaration of Timothy D. Kosnoff, filed herewith.[2]

Additionally, because the second defendant is an "unincorporated association," there is not complete diversity of citizenship. Consequently, plaintiff also moves this Court to remand this action to the King County Superior Court.

## III. STATEMENT OF ISSUES

1. Whether this Court should grant plaintiff leave to amend the Complaint when the action has only just commenced, when discovery has not commenced on this matter, when the amendment is limited to clarifying that plaintiff is pursuing claims against two defendants and when allowing the amendment will not prejudice any of the parties to this action?

2. Whether this Court should remand this matter to the King County Superior Court when there is not complete diversity of citizenship between the parties.

---

[1] While it may not have been entirely clear from the Complaint itself, the paragraph identifying the parties, indicates that there are two defendants: (1) the corporation itself and (2) the church that the corporation operates – the Mormon Church. *See Complaint,* ¶2.2.

[2] For the Court and counsel's reference, a red-lined version of the proposed Amended Complaint is as to the Kosnoff Declaration as **Exhibit B.**

MOTION TO AMEND/REMAND - 2 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

### IV. EVIDENCE RELIED UPON

This motion is based upon the records and files herein, upon the declaration of Michelle A. Menely, and attachment thereto, and upon the files and records herein.

### V. LEGAL AUTHORITY

**A. MOTION TO AMEND.**

FRCP 15(a) provides that once the defendant has filed a responsive pleading, the plaintiff must move for leave of court to amend the complaint. Leave to amend the complaint "shall be freely given when justice so requires." FRCP 15(a). Here, defendant has not filed a "responsive pleading," but has filed a Notice of Removal. While a Notice of Removal is not a "responsive pleading," plaintiffs nevertheless seek leave of Court to amend the Complaint.

Neither defendant COP nor defendant the Mormon Church will be prejudiced by this amendment. First, as indicated herein, in preparing the Complaint, plaintiff intended to name two defendants – COP and the Mormon Church. The amendment is limited to clarifying that there are in fact two entities to this litigation. Furthermore, discovery has not yet commenced in this action and a trial date is not yet set.

**B. MOTION TO REMAND.**

In diversity case, a federal Court has jurisdiction over a matter only if there is complete diversity of citizenship between the parties to the action. 28 U.S.C. §1332(a). The citizenship of an unincorporated association for purposes of federal diversity jurisdiction is the citizenship of each of the individual members of the association. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *see, also, Brown v. Protestant Episcopal Church*, 8 F.2d 149 (E.D. La. 1925).

Here, as admitted by COP in other matters, the Mormon church itself has asserted that it is an "unincorporated association," with "millions of members worldwide" and,

MOTION TO AMEND/REMAND - 3 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

consequently, admitted that it is not a member of any given state.[3] From this statement, plaintiff can surmise that the Mormon church has members in Utah (the state of "residence" of defendant COP), the plaintiff's current state of residence, Minnesota, and his former state of residence, Washington. Consequently, there is not complete diversity of citizenship and this Court should remand this action to the King County Superior Court.

### VI. CONCLUSION

For the above-stated reasons, plaintiff respectfully requests that this Court permit him to file an amended complaint which is limited to clarifying that there are two defendants in this action and to grant the motion to remand to state court.

RESPECTFULLY SUBMITTED this 16th day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: /s/ Michael Menely
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By: /s/ Timothy D. Kosnoff
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net
Co-Counsel for Plaintiff

---

[3] See, pg. 3 of Church Defendants' Reply on their Motion for Judicial Determination of Diversity Jurisdiction, filed Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, U.S.D.C, District of Oregon, Cause No. 98-366AA (attached as **Exhibit C** to Declaration of Timothy D. Kosnoff.)

MOTION TO AMEND/REMAND - 4 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on May 16, 2006, I electronically filed the foregoing **MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA  98154<br>PH:  206.467.6477<br>FX:  206.467.6292 | |

DATED this 16th day of May, 2006.

/s/Nicole Calvert
Nicole Calvert
Legal Assistant to Michelle A. Menely

MOTION TO AMEND/REMAND - 5 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575