1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT
10         WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE

11   ROB RINDE f/k/a ROBERT LARRY LEROY
     PITSOR, JR.                              NO.  2:06-CV-00556TSZ
12
                         Plaintiff,           DECLARATION OF TIMOTHY D.
13                                            KOSNOFF RE: MOTION TO AMEND
                                              COMPLAINT TO CLARIFY STATUS OF
14   vs.                                      DEFENDANTS AND MOTION TO
                                              REMAND
15   THE CORPORATION OF THE PRESIDENT
     OF THE CHURCH OF JESUS CHRIST OF
16   LATTER-DAY SAINTS, a Utah corporation    **NOTED FOR:  FRIDAY, MAY 26, 2006**
     sole, aka the "MORMON CHURCH" THE
17   CHURCH OF JESUS CHRIST OF LATTER-
     DAY SAINTS, an unincorporated association,
18
19                       Defendant.

20

21        TIMOTHY D. KOSNOFF, being first duly sworn on oath, states as follows:

22        1.      I am one of the attorneys for the plaintiff in this matter; I make this declaration

23   based on my own personal knowledge.

24        2.      In filing this action, I intended to name two defendants – The Corporation of

25   the President of the Church of Jesus Christ of Latter-day Saints **and** the Mormon Church

26   itself.  I believe I accomplished that goal in preparing and filing the original Complaint.

KOSNOFF DECL. RE: MOTION TO AMEND/REMAND  - 1 of 3
(2:06-CV-00556TSZ)
[163738 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

However, to the extent the Complaint needs to be clarified, I have done so in the proposed Amended Complaint, a copy of which is attached hereto as **Exhibit A.** For the Court and counsel's reference a "red-lined" version of the proposed Amended Complaint is attached hereto as **Exhibit B.**

3.    I was one of the counsel for the plaintiff in the case of *Jeremiah Scott v. Corporation of the presiding Bishop of he Church of Jesus Christ of Latter-day Saints, et al.,* U.S.D.C., District of Oregon, Cause No. 98-366AA.  One of the current defendants, The Corporation of the President of the Church of Jesus Christ of Latter-day Saints, was a defendant in that action.

4.    In the Oregon action, the "Church Defendants" (including the of the Corporation of President of the Church of Jesus Christ of Latter-day Saints) moved for a judicial determination of diversity jurisdiction.  Multiple documents were exchanged relating to the motion.  In the interest of brevity, all documents are not attached to this declaration. However, one of the documents I received from defendant's counsel was entitled the "Church Defendants' Reply on their Motion for Determination of Diversity Jurisdiction."  I received a copy of that document directly from the defendant's at the time of filing and in the ordinary course of business.  A true and correct copy of the document is attached hereto as **Exhibit C.**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED at *Seattle* , Washington, this *16th* day of May, 2006.

Timothy D. Kosnoff

KOSNOFF DECL. RE: MOTION TO AMEND/REMAND - 2 of 3
(2:06-CV-00556TSZ)
[163738 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

## CERTIFICATE OF ELECTRONIC FILING

2       I hereby certify that on May 16, 2006, I electronically filed the foregoing

3   **DECLARATION OF TIMOTHY D. KOSNOFF RE: MOTION TO AMEND**

4   **COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO**

5   **REMAND** with the Clerk of the Court using the CM/ECF system which will send

6   notification of such filing to the following:

7

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

8

9

10

11

12

13       DATED this 16th day of May, 2006.

14

15                               /s/Nicole Calvert
                                 Nicole Calvert
16                               Legal Assistant to Michelle A. Menely

17

18

19

20

21

22

23

24

25

26

KOSNOFF DECL. RE: MOTION TO AMEND/REMAND - 3 of 3
(2:06-CV-00556TSZ)
[163738 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT A

EXHIBIT A

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.

                  Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; and the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

                  Defendants.

NO.  2:06-CV-00556TSZ

AMENDED COMPLAINT

## I.    GENERAL ALLEGATIONS

This case alleges child sexual abuse, sexual assault and sexual battery, intentional

infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent

concealment and gross negligence.  It arises out of the brutal victimization of plaintiff when

he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and

AMENDED COMPLAINT - 1 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7600 · FACSIMILE (206) 676-7575

Melchesidek priest. LEWIS sodomized plaintiff, beat and choked him and forced a wire coat hanger up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.    When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS. These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1    Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969.  ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church").

2.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah.  This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association.  This defendant will hereinafter be referred to as COP. COP operates churches within the State of Washington.

2.3    Defendant the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, is an unincorporated association.   This defendant will hereinafter be referred to as the "Mormon Church." The Mormon Church operates churches within the State of Washington.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

### III.    JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

### IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley.  The President wields ultimate and absolute authority within the Mormon Church.  Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will.  The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes.  As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses.  The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP.  COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.  At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests."  There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest."  Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, COP and the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

AMENDED COMPLAINT - 3 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

4.4    The Mormon Church itself are closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP and the Mormon Church adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hangar and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown.  On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue.  The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.14    RINDE succumbed to the Church's pressure not to cooperate. As a result, charges against LEWIS were not filed. Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and the Mormon Church each had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church each breached their duty to protect plaintiff and plaintiff was damaged thereby.

5.4    Defendants COP and the Mormon Church had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP and the Mormon Church each had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

AMENDED COMPLAINT - 6 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff.  The harm plaintiff suffered as a result of defendants' negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

5.8    Notwithstanding Defendants' duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that their failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.  As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendants knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to

AMENDED COMPLAINT - 7 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3    Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate plaintiff's physical, emotional and psychological injuries and, in fact, the defendants' conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendants' conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendants' intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendants' conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

AMENDED COMPLAINT - 8 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## VII.    THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    The Church defendants, and each of them, engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.    FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendants and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused.  Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

AMENDED COMPLAINT - 9 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against both defendants, jointly and severally, and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this _____ day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By:_____
      Michael T. Pfau, WSBA No. 24649
      mpfau@gth-law.com
      Michelle A. Menely, WSBA No. 28353
      mmenely@gth-law.com
      Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF

By: _____
      Timothy D. Kosnoff, WSBA No. 16586
      timkosnoff@comcast.net.
      Co-Counsel for Plaintiff

AMENDED COMPLAINT - 10 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.

              Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; and the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

              Defendants.

NO. 2:06-CV-00556TSZ

AMENDED COMPLAINT

Deleted: SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY¶

Deleted: , aka

## I.    GENERAL ALLEGATIONS

    This case alleges child sexual abuse, sexual assault and sexual battery, intentional

infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent

concealment and gross negligence.  It arises out of the brutal victimization of plaintiff when

he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and

Formatted: Font color: Auto, Check spelling and grammar

Deleted: COMPLAINT

AMENDED COMPLAINT - 1 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Melchesidek priest.  LEWIS sodomized plaintiff, beat and choked him and forced a wire coat hangar up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.    When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS.  These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1     Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969.  ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church").

2.2     Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah.  This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association.  This defendant will hereinafter be referred to as COP.  COP operates churches within the State of Washington.

2.3     Defendant the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, is an unincorporated association.  This defendant will hereinafter be referred to as the "Mormon Church."  The Mormon Church operates churches within the State of Washington.

AMENDED COMPLAINT - 2 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**Deleted:** 1.

**Deleted:** The

**Deleted:**  In both capacities,

### III.    JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

### IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley.  The President wields ultimate and absolute authority within the Mormon Church.  Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will.  The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes.  As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses.  The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP.  COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.  At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest."  Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, COP and the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

AMENDED COMPLAINT - 3 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.4    The Mormon Church <u>itself</u> is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP <u>and the Mormon Church</u> adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hangar and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Deleted:

were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown.  On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue.  The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.14    RINDE succumbed to the Church's pressure not to cooperate.  As a result, charges against LEWIS were not filed.  Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and the Mormon Church each had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church each breached their duty to protect plaintiff and plaintiff was damaged thereby.

5.4    Defendants COP and the Mormon Church had a "special relationship" with plaintiff and with LEWIS.  They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP and the Mormon Church each had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff.  The harm plaintiff suffered as a result of defendants' negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

**Deleted:** defendant's

5.8    Notwithstanding Defendants' duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

**Deleted:** Defendant's

5.9    Defendants knew, or in the exercise of reasonable care should have known, that their failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

**Deleted:** its

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.  As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendants knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3    Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate plaintiff's physical, emotional and psychological injuries and, in fact, the defendants' conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendants' conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendants' intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendants' conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

| Deleted: defendant's |

| Deleted: Defendant's |

| Deleted: defendant's |

| Deleted: defendant's |

AMENDED COMPLAINT - 8 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## VII.   THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    The Church defendants, and each of them, engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.   FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendants and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

AMENDED COMPLAINT - 9 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against <u>both</u> <u>defendants, jointly and severally,</u> and in plaintiff's behalf, for the following:

| Deleted: the defendant |
|---|

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this _____ day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By:_____
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF


By:_____
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net
Co-Counsel for Plaintiff

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT C

EXHIBIT C

11/11/98  04:11  ☎503 224 7324  DUNN CARNEY 3  @003

STEVEN F. ENGLISH, OSB #73084
LORI R. METZ, OSB #85286
KAREN M. VICKERS, OSB #91381
BULLIVANT HOUSER BAILEY
A Professional Corporation
300 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2089
Telephone: (503) 228-6351
Facsimile: (503) 295-0915

E-Mail:  Steve.English@Bullivant.Com
         Lori.Metz@Bullivant.Com
         Karen.Vickers@Bullivant.Com

Attorneys for Corporation of the Presiding
Bishop of the Church of Jesus Christ of
Latter-Day Saints, The Church of Jesus Christ
of Latter-Day Saints and Corporation of the
President of the Church of Jesus Christ of
Latter-Day Saints

WORKING COPY

R E C E I V E D
NOV 10 1998
DUNN CARNEY

LT
8012-10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMIAH SCOTT,

                    Plaintiff,

        v.

CORPORATION OF THE
PRESIDING BISHOP OF THE
CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Oregon
corporation sole; GEORGE LEE
FOSTER, an individual; THE
CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah
corporation sole; CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, a Utah corporation sole, ,

                    Defendants.

Civil No. 98-366-AA

CHURCH DEFENDANTS'
REPLY ON THEIR MOTION
FOR JUDICIAL
DETERMINATION OF
DIVERSITY JURISDICTION

ORAL ARGUMENT
REQUESTED

---

11/11/98  04:11  ☎503 224 7324  DUNN CARNEY 3  @004

Plaintiff's Response Memorandum succinctly states the sole issue
now before this Court for decision:  "If the Mormon Church is, in fact, an
unincorporated association, plaintiff concedes that there would not be
complete diversity."  (Plaintiff's Response to Church Defendants' Motion for
Judicial Determination of Diversity Jurisdiction ("Plaintiff's Response" at
p. 2).  Plaintiff argues that The Church of Jesus Christ of Latter-Day Saints is
not an unincorporated association, and wrongly asserts that in the case of The
Church of Jesus Christ of Latter-Day Saints v. Brown, 764 P2d 759 (Ariz.
App. 1989), the LDS Church "admitted at the trial court level that it was a
'Utah corporation (sole).'"  (Plaintiff's Response at 3).  This assertion not
only contradicts the factual record in the Brown case, but is repudiated by the
very document which plaintiff attaches as Exhibit 3 to his Response -- the
Church's Answer in the Brown case.  The unincorporated Church had been
sued as "The Church of Jesus Christ of Latter-Day Saints, a corporation."  As
the Court can see from Paragraph 1 of that Answer (attached hereto as
Exhibit 1), the unincorporated Church, rather than admitting that it was a
corporation sole as plaintiff herein wrongly suggests, explicitly stated "the
true name of this defendant is THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah
corporation (sole)."  (capitalization in original).  No "judicial admissions"
were made by the Church that it was in fact a corporation; rather, the Church
corrected plaintiffs' erroneous naming of the wrong defendant by answering
in the name of the proper defendant in that action.

        Plaintiff herein suggests that "documentation or sworn affidavits"
would assist it in determining the Church's status.  Such documentation is
attached.  Exhibits 2 and 3, respectively, are Certificates of Good Standing

1  for the two Defendants corporations named as parties to this lawsuit, The
2  Corporation of the President of the Church of Jesus Christ of Latter-Day
3  Saints ("COP"), and The Corporation of the Presiding Bishop of the Church
4  of Jesus Christ of Latter-Day Saints ("CPB"). Exhibit 4 is an Affidavit of
5  Dwayne L. Liddell, Director of Risk Management. This Affidavit clearly
6  establishes that although COP and CPB are Utah corporations sole, The
7  Church of Jesus Christ of Latter-Day Saints is not, rather, it "is an
8  unincorporated religious association with a worldwide membership of
9  approximately 10 million members, including members in all fifty states,"
10 (Liddell Affidavit, Exhibit 4 at ¶4).

11      Once the defendant in a diversity suit has challenged the
12 plaintiff's allegations of diversity of citizenship, and has met its burden of
13 production, as defendants have here, the plaintiff has the burden of proving
14 that diversity jurisdiction exists. Lew v. Moss, 797 F2d 747, 751 (9th Cir
15 1986); Ganzen v. Quon, 302 F2d 421 (9th Cir 1962); 1 Fed Proc Led 1995,
16 § 1.352. It is clear that the plaintiff will be unable to satisfy this burden.

17      Defendants would like to reemphasize that they do not
18 particularly wish to see this matter remanded to state court, and are content
19 to proceed in federal court. However, lack of federal court jurisdiction is not
20 waivable, and can be raised at any time, including by the Ninth Circuit
21 sua sponte. Morongo Band of Mission Indians v. California State Board of
22 Equalization, 849 F2d 1197, 1199 (9th Cir 1988). Defendants would like the
23 certainty of a court ruling on the propriety of federal court jurisdiction before
24 proceeding further with this litigation.¹

---

¹ Indeed, Defendants would affirmatively represent to this court that the proper defendant
herein is the unincorporated association the Brentwood Ward of the Portland Oregon State

---

of The Church of Jesus Christ of Latter-Day Saints. This is the unincorporated association of
which plaintiff was a member, the unincorporated association in which the allegedly
negligent acts occurred, and the unincorporated association of which Gregory Lee Foster, a
defendant in this action, was the local lay leader (bishop). As Defendants have suggested to
Plaintiff before, simply amending the complaint to substitute the Brentwood Ward as
Defendant would eliminate any jurisdictional problems, as all members of the Brentwood
Ward are Oregon residents.

1  memorandum, Defendants move this Court to make a ruling on the diversity
2  of the parties and the propriety of federal court jurisdiction before litigation
3  proceeds further. If the Court decides that the presence of the LDS Church as
4  a defendant destroys diversity jurisdiction, defendants would request that this
5  Court provide Plaintiff with the opportunity to file an Amended Complaint
6  dropping the LDS Church as a defendant and adding the Brentwood Ward. If
7  Plaintiff chooses to do so, the parties will then proceed in federal court.

CONCLUSION

For the reasons set forth above and in their original

DATED this 10th day of November, 1998.

BULLIVANT HOUSER BAILEY
A Professional Corporation

By: _____
Stephen F. English, OSB #73084
Lori R. Metz, OSB #85286
Karen M. Vickers, OSB #91381

Attorneys for Corporation of the Presiding
Bishop of the Church of Jesus Christ of Latter-
Day Saints, The Church of Jesus Christ of
Latter-Day Saints, and the Corporation of the
President of the Church of Jesus Christ of
Latter-Day Saints

11/11/98  04:12  ☎503 224 7324                    DUNN CARNEY 3                    @007

MONTDEAU, VERMIRE & TURLEY, P.C.
ATTORNEYS AT LAW
...
...MIDTOWN...
PHOENIX, ARIZONA 85004
(602) 265-1444

ATTORNEYS FOR Defendants

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

CYNTHIA BROWN, as Guardian
for ADRIENE LEIGH BROWN,

    Plaintiff,

    -vs-

KENNETH RAY and SHEILA RAY,
husband and wife; THE CHURCH
OF JESUS CHRIST OF LATTER
DAY SAINTS, a corporation,

    Defendants.

NO. C 517976

A N S W E R

PAID ANSWER

'86 OCT 11 PM 4:45
FILED

Defendant, THE CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation (sole),
for its Answer to plaintiff's Complaint, admits, denies and
alleges as follows:

I

As to paragraph I, admits only that the true name of this
defendant is THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation (sole) and
was acting at all times material through its duly authorized
agents and employees, but is without sufficient information upon

EXHIBIT ___ Pg. ___

---

11/11/98  04:12  ☎503 224 7324                    DUNN CARNEY 3                    @008

which to form a belief as to the truth or fa...ity of the
remaining allegations contained in paragraph I and therefore
denies the same.

II

As to paragraphs II and III, this defendant is without
sufficient information upon which to form a belief as to the
truth or falsity of the allegations contained therein and there-
fore denies the same.

III

As to Counts One, Two, and Three, consisting of paragraphs
IV through VIII, XI through XV, and XXII through XVIII, this
defendant alleges that if such paragraphs do state a claim for
relief as against this answering defendant, then the allegations
contained therein are denied in their entirety.

IV

As to Count Four, this defendant incorporates by
reference its answers to the previous allegations of plaintiff's
Complaint herein.

V

As to paragraph XX, this defendant admits only that during
the early part of March 1984, it did obtain in a privileged and
confidential setting, certain information regarding Kenneth
Ray's abuse and/or assault of minor children, including girls,
and further alleges that on or about March 14, 1984, it did
report such information to the appropriate authorities, but denies
the other allegations contained in paragraph XX.

-2-

EXHIBIT ___ Pg. ___

As to paragraph XXI, admits only that the defendant Church,
through its duly authorized agents and employees, did interview
and/or counsel and take certain ecclesiastical action to prevent
defendant Kenneth Ray from abusing and assaulting children, but
otherwise denies the allegations contained in paragraph XXI.

VI

As to paragraphs XXII, XXIII, XXIV, XXV, and XXVI, this
defendant denies all allegations contained therein.

VII

This defendant denies each and every other allegation of
Count Four of the Complaint not expressly admitted or otherwise
pleaded to.

VIII

IX

This defendant alleges that Count Four, as framed, or at all,
fails to state a claim upon which relief can be granted, as
alleged or at all.

X

As an affirmative defense, this defendant alleges that it is
immune from this type of claim and/or not liable therefor,
including, but not limited to, the protection afforded this
defendant by the First Amendment of the United States Constitu-
tion regarding the free exercise of religion, which right is
also afforded to this defendant by the Constitution of the State
of Arizona.

XI

As further affirmative defenses, this defendant asserts the
doctrine of privilege, including but not limited to the priest-

-3-

EXHIBIT

---

penitent privilege; the church is not a "person" within the
meaning of A.R.S. §13-3620 which statute is not applicable to
this defendant; the doctrine of assumption of risk, contributory
negligence, and/or comparative negligence by plaintiff's guardian
acting for or on behalf of the plaintiff, estoppel, including but
not limited to collateral estoppel and/or res judicata, statute of
limitations, laches, lack of proximate cause, and superseding
cause.

WHEREFORE, defendant THE CORPORATION OF THE PRESIDENT OF
THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, prays that the
Complaint be dismissed and that plaintiff take nothing thereby,
for its costs incurred herein together with interest at the
highest rate allowed by law, and for such other and further
relief as the Court deems just and proper.

DATED this 11th day of October, 1985.

HONEBRAU, VERMEIRE & TURLEY, P.C.

By: _____
   Kent E. Turley
   340 E. Palm Lane, Ste. 300
   Phoenix, Arizona 85004
   Attorneys for Defendant The Corpora-
   tion of the President of The Church
   of Jesus Christ of Latter Day Saints

-4-

EXHIBIT



**Left certificate:**

11/11/98  04:13  ☎503 224 7324  DUNN CARNEY 3  ⌀011



STATE OF UTAH
Department of Commerce

CERTIFICATION OF EXISTENCE
AND GOOD STANDING STATUS

THE UTAH DIVISION OF CORPORATIONS AND COMMERCIAL
CODE HEREBY CERTIFIES THAT

*CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS*

is a Utah corporation and is qualified to transact business in the State
of Utah, and that its most recent annual report required by Utah Code
Annotated Section 16-10a-1607 has been filed, and Articles of
Dissolution have not been filed. The Corporation was duly
incorporated in Utah pursuant to Utah Code Annotated Section 16-10a-
203 on *NOVEMBER 26, 1923* and is currently in good standing, as
appears in the records of the Division.

This certification is not intended to reflect the financial condition,
business activity or practices of this corporation.

File Number: CO 016041

Dated this _____ 29th _____
day
of _____ October _____, 19 98.

Korena P. Rillo
Division Director
Corporations and Commercial Code

EXHIBIT __ PAGE 83

---

**Right certificate:**

11/11/98  04:14  ☎503 224 7324  DUNN CARNEY 3  ⌀012



STATE OF UTAH
Department of Commerce

CERTIFICATION OF EXISTENCE
AND GOOD STANDING STATUS

THE UTAH DIVISION OF CORPORATIONS AND COMMERCIAL
CODE HEREBY CERTIFIES THAT

*CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY*

is a Utah corporation and is qualified to transact business in the State
of Utah, and that its most recent annual report required by Utah Code
Annotated Section 16-10a-1607 has been filed, and Articles of
Dissolution have not been filed. The Corporation was duly
incorporated in Utah pursuant to Utah Code Annotated Section 16-10a-
203 on *JULY 13, 1916* and is currently in good standing, as appears
in the records of the Division.

This certification is not intended to reflect the financial condition,
business activity or practices of this corporation.

File Number: CO 011993

Dated this _____ 29th _____
day
of _____ October _____, 19 98.

Korena P. Rillo
Division Director
Corporations and Commercial Code

EXHIBIT __ PAGE 80