THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR., | NO. C06-0556 TSZ |
| Plaintiff, | MEMORDANDUM OF THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TO REMAND |
| v. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | |
| Defendant. | |

## I.    INTRODUCTION

Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP")

hereby opposes plaintiff's motion to amend the complaint to add The Church of Jesus Christ of

Latter-Day Saints ("the Church" or "LDS Church") as a defendant in this matter.

Plaintiff's attempt to add the unincorporated Church as a new party is procedurally and

substantively defective.  Procedurally, plaintiff has invoked the wrong rule.  Plaintiff relies on

the liberal amendment standard in Rule 15(a), but that rule does not apply to the post-removal

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 1
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

1
2
joinder of a party that would destroy diversity jurisdiction. Instead, 28 U.S.C. § 1447(e)
3
4
provides the substantive legal standard. Under that standard, this Court has broad discretion to
5
6
reject the joinder of a party that serves no purpose other than to defeat diversity jurisdiction.
7
8
    Plaintiff seeks to join the entire unincorporated Church – a spiritual association consisting
9
10
of millions of individual Church members – because the citizenship of each member of an
11
12
unincorporated association counts for purposes of determining diversity jurisdiction. Since the
13
14
Church has members in all 50 States, if the Church were joined to this litigation then remand
15
16
would likely be proper. However, joinder of the Church is not proper and should be rejected
17
18
under the discretionary analysis in § 1447(e).
19
20
    Most major religious organizations have a dual existence:  a corporate existence, through
21
22
which they hold assets, employ individuals and carry out the business of the organization, and a
23
24
spiritual one, which does none of the above. COP is a corporation sole organized under Utah
25
26
law. COP can sue and be sued, enter contracts, hire and pay employees and otherwise carry out
27
28
church business. In contrast, the Church itself is an association of believers that possesses no
29
30
assets.[1]  An unincorporated church is not a proper party where the church has adopted a
31
32
corporate form – such as COP – to deal with its worldly affairs. This is especially true where the
33
34
church itself has no assets and the corporate entity is fully capable of satisfying a judgment.
35
36
    Further, plaintiff's effort to join the Church is entirely theoretical – it cannot practically
37
38
be accomplished. Although Washington allows service on certain agents of an association
39
40
"doing business" in Washington, it has no such provisions regarding service upon a religious
41
42
43
44
45

[1] In the past, the Church has often been characterized or characterized itself as an unincorporated association. As a matter of law, that is probably not accurate. As indicated below, where a legal corporate entity exists to administer a denomination's worldly affairs, the authorities suggest that for legal purposes no other entity than the corporate entity should be recognized.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 2
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

association that is not doing business. Hence, the only way to serve the Church and bring it before the Court's jurisdiction would be to serve its members individually, who number more than 245,000 in Washington State alone and millions throughout the nation.

Finally, Plaintiff's motion is made solely for the purpose of defeating diversity jurisdiction and constitutes brazen forum shopping. Plaintiff's counsel have a similar case pending before this Court which, as here, names as a defendant COP "a/k/a the 'Mormon Church,'" Fleming v. The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints (No. CO4-2338 RSM). Fleming was filed in state court, and defendant COP removed the case to this Court. Since removal, it has been litigated here for eighteen months and it is set for trial on October 2 of this year. Plaintiff's counsel did not move in Fleming to add the Church as a defendant or move to remand. Plaintiff's counsel thus understand that the Church is not a proper defendant or, at minimum, not a necessary defendant. It is thus apparent that plaintiff's counsel cherry-pick cases in which they seek to add the Church as a defendant, in those cases where they see it in their interest to attempt to destroy diversity. In this case, plaintiff's counsel apparently prefer to try the case in front of Superior Court Judge Downing, to whom the case was assigned. Under § 1447(e), that is not a proper basis for joining the Church and destroying diversity jurisdiction.

## II.    FACTS

### A.    Most Religious Organizations, Including the LDS and Catholic Churches, Operate Through a Form of Corporate Organization.

Before addressing the specifics of the corporate existence of the LDS Church, it is appropriate to describe why religious organizations adopt a corporate form and the unique corporate form that is often used. Most religious organizations do not carry out church business

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 3
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

through unincorporated associations. This is not surprising, given the disadvantages of this form

of organization: "lack of limits on personal liability for the members and directors; difficulties in

the ownership, receipt and succession of property, particularly real property; [and] complications

in entering into legal transactions such as contracts and the initiation of lawsuits. . . ."

Gerstenblith, Associational Structures of Religious Organizations, 1995 B.Y.U. L. Rev. 439, 444

(1995).

> For these reasons, most organizations which are of any size or complexity, which
> own property, or which desire to gain other advantages from a more formal
> corporate status choose to incorporate under one of the applicable state
> incorporation statutes. Even those organizations which operate at the regional or
> national level and thus across state lines must incorporate in one state, and the law
> of that state will generally determine any questions involving legal status.

Id.

Utah permits a religious organization to incorporate as a "corporation sole," thus

permitting the incorporation of one or more high offices within the particular church. Utah Code

Ann. § 16-7-1 et seq. Washington also permits this form of organization and, for example, the

Catholic Bishop of Spokane and the Corporation of the Catholic Archbishop of Seattle are

organized as corporations sole.[2]

> [A] corporation sole is the incorporation of the bishop or other presiding officer of
> the church for the purposes of administering and managing the affairs, property
> and temporalities of the church. The principal purpose of a corporation sole is to
> insure the continuation of ownership of a religious organization's property. At the
> death of the individual holding the office, church property passes to the successor
> to the office for the benefit of the religious group, rather than passing to the
> officeholder's heirs.

Gerstenblith, supra, at 455. Utah's corporation sole statute grants corporate protection to the

---

[2] According to the web site of the Washington Secretary of State, http://www.secstate.wa.gov/corps/, the Catholic
Bishop of Spokane is an active corporation sole organized in 1915 and the Corporation of the Catholic Archbishop
of Seattle is an active corporation sole organized in 1861.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 4
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

incorporating religious organization, and provides that the entity shall have power: (1) to

"acquire," "possess" and "dispose" of real property; (2) "to borrow money"; (3) "to contract and

be contracted with"; (4) "to sue and be sued"; (5) "to plead and be impleaded in all courts of

justice"; and (6) to have a common seal. Utah Code Ann. § 16-7-6.

**B.      Defendant COP Exists to Conduct Temporal Affairs on Behalf of the Church.**

For over 75 years, COP has been incorporated as a corporation sole under Utah law.

Affidavit of Paul D. Rytting, ¶ 3.  It has its headquarters in Salt Lake City, Utah. Id.  It has

employees, owns significant assets and carries out church business.  Id.  COP funds all church-

sponsored activities and outings such as those at issue here.

**C.      The Spiritual Association Plaintiff Seeks to Add – the Church Itself – Is Concerned
Solely with Spiritual Matters, Holds No Property, and Conducts No Business.**

As distinguished from COP, The Church of Jesus Christ of Latter-day Saints exists solely

as an ecclesiastical/spiritual organization, with more than 27,000 congregations and more than

12.6 million members worldwide.  Rytting Affidavit ¶ 5.  Under Church doctrine, the Church

functions as the Kingdom of God on the earth.  From time to time, the president or other "general

authorities" of the Church provide spiritual and doctrinal guidance to local church leaders and

the general membership. Id. ¶ 7.  Local leaders of the Church also perform religious functions

similar to those performed in other religious organizations, including blessings, baptisms,

confirmation, ordinations, and the calling of members to serve in volunteer ecclesiastical

positions.  Id.  The Church has no corporate identity and no articles of association, bylaws, or

rules governing legal existence.  Instead, the Church is organized and governed by scripture, by

modern revelation, and by the ecclesiastical doctrines and beliefs of the Church. Id. ¶ 6.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 5
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

As a purely ecclesiastical and spiritual association, the Church itself holds no assets or property. Id. ¶ 4. It does not do business in any state, nor is it registered to do so. Id. The Church has no employees and it has no money from which to pay salaries, employment taxes, or benefits. Id. Thus, if a judgment were rendered against the Church, it would be futile because the Church has absolutely no assets or property from which such a judgment could be satisfied. Id.

## III.    ARGUMENT

### A.    Under 28 U.S.C. § 1447(e), this Court Has Broad Discretion to Deny Joinder of a Party that Would Improperly Destroy Diversity Jurisdiction.

Now that this action has been removed to federal court, whether the Church should be joined as a party is governed by 28 U.S.C. § 1447(e), not Rule 15(a) or Rule 19. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999) (court has discretion to deny or permit joinder even when Rule 15(a) or Rule 19 permit amendment or joinder).  Under 28 U.S.C. § 1447(e), "[o]nce removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party." Newcombe, 157 F.3d at 691.  Specifically, § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

As the Ninth Circuit has indicated, this Court has considerable discretion in determining whether to permit joinder of a "diversity destroying" defendant after removal: "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe, 157 F.3d at 691; Mayes, 198 F.3d at 462 ("Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 6
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis.") (citing 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3739, at 445 (3d ed. 1998) ("Section 1447(e) gives the court more flexibility than a strict Rule 19 analysis")).

The court in Mayes explained that "[i]n exercising its discretion under Section 1447(e), the district court [is] entitled to consider all relevant factors, including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Mayes, 198 F.3d at 462 (internal quotation marks and citations omitted; emphasis added). Moore's Federal Practice states that the district court should consider: (1) "[t]he plaintiff's motive for seeking joinder of a nondiverse defendant;" (2) "[w]hether a delay in seeking joinder is unexplained or unjustifiable;" (3) "[w]hether the statute of limitations would bar an action against the new defendant in state court if joinder is denied;" (4) "[t]he strength of the claim;" (5) "[w]hether the plaintiff will be significantly injured if the amendment is disallowed;" and (6) "[a]ny other factor bearing on the equities." 15 Moore's Federal Practice 3D § 107.41[2][d][B], p. 107-220-21 (2006). In short, "[t]he district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." Mayes, 198 F.3d at 463.

**B.     This Court Should Deny Joinder of the Church Because (1) Joinder Is Sought Solely or Principally to Defeat Diversity Jurisdiction and Amounts to Forum Shopping; (2) Having Chosen a Corporate Form of Organization, the Church Cannot Be Sued as an Unincorporated Association; (3) the Church Cannot Be Served; and (4) Denial of Joinder Causes No Injury to Plaintiff.**

Improper Motive. The reason joinder is sought is an important factor in the § 1447(e) analysis. Here, there is no doubt that the amendment to join the Church is sought solely or

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH CHRIST OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 7
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

principally to defeat diversity jurisdiction. The facts are clear: COP has assets; the Church has none. This is obviously why plaintiff's counsel has not bothered to sue the Church as a separate defendant in the <u>Fleming</u> case currently pending in this Court, and why they did not sue the Church in the state court action of <u>Doe et al. v. COP</u>, NO. 02-2-04105-1KNT (King County) (now on appeal to the Washington Court of Appeals, No. 52452-6-1). The Church's lack of assets make the proposed amendment pointless and in bad faith. Bad faith is a factor that supports denial of a motion to amend under Rule 15, <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004), and thus further supports denial here. The LDS Church is represented in this action by its corporate entity, COP, which is fully able to satisfy any judgment. Plaintiff's intent to defeat diversity jurisdiction by adding the Church constitutes an improper motive.

        <u>The Weakness of Plaintiff's Claim Against the Church</u>. "Futility alone can justify the denial of a motion to amend." <u>Johnson</u>, 356 F.3d at 1077. Having chosen a corporate form of organization to conduct its worldly affairs, plaintiff cannot merely disregard that form and sue the Church as an unincorporated spiritual association. Plaintiff has already implicitly recognized the existence of the Church's corporate structure by suing COP in this action. As noted, Plaintiff's counsel also named COP as the defendant in the <u>Fleming</u> matter currently pending before this Court and in the <u>Doe</u> matter now pending before the Washington Court of Appeals without separately naming the Church. The existence and adequacy of COP as a proper defendant in this action cannot seriously be disputed.

        Given the existence of COP, plaintiff's attempt to sue the Church as an unincorporated association is futile and thus the amendment should be denied. As a purely spiritual association

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 8
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

with no worldly affairs, the Church cannot be sued and thus is not a proper party.[3]  Once a

religious entity chooses to incorporate utilizing a valid and recognized form of legal

incorporation, one can bring suit only against the corporate form:

> [W]henever a religious society incorporates, it assumes a dual existence; two
> distinct entities come into being -- one, the church, which is conceived and
> endures wholly free from the civil law, and the other, the corporation created
> through the state prescribed method. Each remains separate although closely
> allied. The components of the ecclesiastical interrelationship between the parent
> church and the subordinate body cannot be permitted to serve as a bridge
> capable of reaching the non-secular parent in a civil proceeding.

Folwell v. Bernard, 477 So. 2d 1060, 1063 (Fla. App. 1985) (emphasis added) (citation omitted).

Numerous courts concur with Folwell and expressly acknowledge and respect the existence of

two separate yet related entities:  the spiritual or ecclesiastical entity that cannot be sued and over

which courts have no jurisdiction, and the temporal or corporate entity which is subject to

judicial control in accordance with statutory and constitutional restrictions.[4]

---

[3] Plaintiff may argue COP's position is inconsistent with COP's position in a case from Oregon., Scott v. Corporation of the Presiding Bishop of the Church of Latter Day Saints, et. al. (D. Ore. Civ. No. 98-366).  In that case, the complaint named the Church, not COP, as a corporation sole, which the Church denied. The Church then filed a motion "for determination of diversity jurisdiction," advising the court that it had no desire to return to state court but if the Court viewed the Church as an unincorporated association, and that entity was a defendant, then the traditional rule would defeat diversity.  The Church defendants did not concede that the unincorporated Church was a proper defendant with COP -- the issue was not addressed at all – and thus there is no inconsistency between COP's position here and in Scott. Without the court being advised of the cases cited below, Scott was remanded to state court.

[4] See, e.g., Trinity Presbyterian Church of Montgomery v. Tankersley, 374 So.2d 861 (Ala. 1979) (whenever there is an incorporated church, there exist two entities, a spiritual church and a secular legal corporation; courts have no power over the former, but may decide questions pertaining to the latter); Sorenson v. Logan, 32 Ill.App.2d 294, 177 N.E.2d 713 (1961) (same); Koch v. Estes, 146 Misc. 249, 262 N.Y.S. 23 (1933) ("A religious corporation has a double aspect, the one spiritual, the other temporal. With regard to the former, courts have no concern"); Trotter v. Debnam, 24 N.C.App. 356, 210 S.E.2d 551 (1975) ("religious societies have double aspects, the one spiritual, with which legal courts have no concern, and the other temporal, which is subject to judicial control"); Willis v. Davis, 323 S.W.2d 847 (Ky. Ct. App. 1959) ("such a corporation is civil in nature and is an entity distinguishable from an ecclesiastical society or association, the one having jurisdiction over the temporal or secular and the other over ecclesiastical or spiritual affairs"); Master v. Second Parish of Portland, 36 F. Supp. 918 (D. Me. 1940) (same); Islamic Center v. Islamic Science Foundation, Inc., 628 N.Y.S.2d 179 (App. Div. 1995) (same); Williams v. Jones, 61 So.2d 101 (Ala. 1952) ("whenever there is an incorporated church, there are two entities, the one the church as such, not owing its ecclesiastical or spiritual existence to the civil law, and the legal corporation, each separate

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 9
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Where, as here, a religious denomination's corporate entity holds the denomination's assets and is fully capable of serving as the defendant in a lawsuit – in other words, where the religious entity is focused entirely on religious matters – courts should and must honor the corporate structure and deny attempts to drag the spiritual association into personal injury lawsuits. Plaintiff's attempt to sue the Church itself is futile and thus not a proper basis for joinder.

The Church Cannot Be Served. If this Court were to permit the amendment/joinder and remand to state court, the Church would be a fictitious defendant – a defendant in name but not in fact. This result would follow not just because the Church has no assets, but also because it could never be served. Washington law provides for service of process as follows:

> (10) If the suit be against a foreign corporation or nonresident joint stock company, partnership or <u>association doing business within this state,</u> to any agent, cashier or secretary thereof. . . .
>
> (15) <u>In all other cases,</u> to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein.

RCW 4.28.080 (emphasis added).

The reference in subsection 10 to an association "doing business in the state" is the only provision in the statute that mentions associations. There is no provision for serving a representative or agent of an unincorporated association that does not conduct business in the state, whether it be a social club, a recreational organization or a religious organization. Hence, to serve the Church as an unincorporated association, plaintiff would need to serve all members

---

though closely allied"); <u>Lilly v. Tobbein</u>, 15 S.W. 618 (Mo. 1891) (same); <u>Evans v. Criss</u>, 39 Misc.2d 314, 240 N.Y.S.2d 517 (1963)(same); <u>Crissman v. Board of Trustees</u>, 1990 WL 31796 (Ohio Ct. App. March 21, 1990) (same); <u>Disinukes v. State</u>, 58 So. 195 (Ala. 1912) (incorporated church consists of two distinct elements); <u>Metropolitan Baptist Church v. Braxton</u>, 137 N.Y.S.2d 294 (Sup. Ct. 1954) (same); <i>see also</i> <u>Serbian Eastern Orthodox Diocese v. Milivojevich</u>, 426 U.S. 696 (1976); <u>Smith v. Church of God</u>, 326 F. Supp. 6 (D. Md. 1971).

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 10
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

of the organization.  Id.  Plainly, this is never going to happen with 245,000 members in

Washington alone and millions more throughout the United States.  Thus, no relief could ever be

obtained against the Church itself (even if it had assets) because neither this Court nor the State

court will ever obtain personal jurisdiction over it.  For this further reason, joinder of the Church

is not appropriate.

No Injury to Plaintiff.  Lastly, denial of the motion works no prejudice whatsoever to

Plaintiff.  As repeatedly noted, COP is the proper defendant in this action and is fully able to

satisfy any judgment plaintiff may obtain.  Apart from forum shopping, there is simply no reason

to bring the unincorporated Church into this action.

### IV.    CONCLUSION

For the reasons stated above, COP requests that this Court deny the motion to add the

Church as a defendant.  Given that the motion to remand rises or falls with the motion to amend,

COP thus requests that the motion to remand also be denied.

DATED this 22nd day of May, 2006.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 11
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**GORDON MURRAY TILDEN LLP**

By: /s Jeffrey I. Tilden
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219

Gordon Murray Tilden LLP
1001 Fourth Avenue Suite 4000
Seattle, WA 98154
Telephone:  206-467-6477
Fax:  206-467-6292
cgordon@gmtlaw.com
jtilden@gmtlaw.com

Attorneys for THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 12
No. C06-0556 TSZ

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
800 Bellevue Way N.E., #300
Bellevue, WA 98004
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

s/Jeffrey I. Tilden
Jeffrey I. Tilden, WSBA #12219
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
E-mail: jtilden@gmtlaw.com

897271/01

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 13
No. C06-0556 TSZ

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292