UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.<br><br>Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>Defendant. | NO. 2:06-CV-00556TSZ<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND<br><br>**NOTED FOR: FRIDAY, MAY 26, 2006** |

## I.  INTRODUCTION

In its opposition, defendant COP takes the position that plaintiff is attempting to add a new party to this action in order to defeat diversity. However, as was indicated in plaintiff's original moving papers, plaintiff is not moving to add a new party to this action. Instead, plaintiff simply moved this Court to amend his complaint to clarify that he had instituted an action against two separate entities – (1) The Corporation of the President of the Church of

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 1 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Jesus Christ of Latter-day Saints **and** (2) The Church of Jesus Christ of Latter-Day Saints, a/k/a the Mormon Church itself. Plaintiff reiterates that request in this reply to defendant's opposition.

## II. STATEMENT OF RELEVANT FACTS

On March 22, 2006, plaintiff filed an action in the King County Superior Court and, in doing so, named two defendants – COP and the Mormon Church.[1] On or about April 20, 2006 plaintiff received a Notice of Appearance on behalf of defendant COP and a Notice of Removal (Diversity Jurisdiction). Shortly before the Notice of Appearance and Notice of Removal was filed, a telephone conversation occurred between plaintiff's counsel, Tim Kosnoff, and defense counsel, Chuck Gordon. During that conversation, Mr. Gordon advised that it was COP's intention to remove the action based on diversity. In response, plaintiff's counsel specifically advised Mr. Gordon that (a) the Mormon Church was a defendant and (b) the issue of whether there was diversity of citizenship in an action in which the Mormon Church was a named defendant had already been resolved by a United States District Court Judge (and that the judge had found that the inclusion of the Mormon Church as a defendant indeed destroyed diversity).[2] As a result of the prior ruling on this issue, plaintiff requested that COP not take any steps to remove this action.[3] Unfortunately, COP declined necessitating this motion.

## III. ARGUMENT

**A. DEFENDANT'S RELIANCE ON CASE LAW PERTAINING TO WHEN A PLAINTIFF MAY ADD AN ADDITIONAL PARTY IS MISPLACED.**

As explained in the moving papers, plaintiff intended to name, and did name, two defendants in this action – COP and the Mormon Church itself. Defendant COP took the

---

[1] *See Plaintiff's Complaint,* ¶2.2.
[2] *Declaration of Timothy D. Kosnoff,* ¶2 & 3.
[3] *Id.*

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 2 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

position that only one defendant had been named and, based on that position, removed the action to this Court. While not agreeing that plaintiff failed to adequately plead the existence of two defendants, plaintiff determined that the best way to resolve the dispute was to amend the complaint to **clarify** the allegations. However, at no point, did plaintiff seek to name an additional party.[4] Consequently, defendant's reliance on case law pertaining to when a plaintiff may add an additional party is misplaced.

B.     PLAINTIFF'S CLAIMS AGAINST THE MORMON CHURCH ARE NOT FUTILE

Defendant asserts that because plaintiff has named COP in this action, the inclusion of the Mormon Church is futile. However, plaintiff, at this juncture, is not sure whether COP will defend this claim by asserting that it did not prescribe the policies and practices of the local wards of the Mormon Church or that it is not the entity responsible for the acts or inactions of the Bishops, Stake Presidents and other officials involved in this case. If COP so defends, and if COP is successful in asserting such defenses, in the absence of the Mormon Church as a named defendant, plaintiff could be left with an "empty chair" defendant. Thus, faced with such possible defenses the inclusion of the Mormon Church is not futile to plaintiff's pursuit of his claims.

In addition, the fact that the Mormon Church does or does not have any assets available to satisfy a judgment does not render the inclusion of the Mormon Church "futile." The plaintiff's claims arise out of the sexual abuse he suffered as a child. It is inconceivable that the plaintiff would be deemed to be partially at fault for his harms. Thus, liability against the defendants will, presumably, be joint and several pursuant to RCW 4.22.070(b).[5]

---

[4] *See Motion to Amend and Remand, on file herein.*

[5] However, if COP is willing to stipulate that all the stake presidents, bishops and other hierarchal officials are agents of COP and that it will not assert an empty chair defense with respect to the persons involved in this case (and its officials) plaintiff will withdraw this motion.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 3 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Finally, plaintiff is not "forum" shopping. Instead, absent a fraudulent joinder a "plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to final determination." *Parks v. New York Times,* 308 F.2d 474, 478 (5th Cir. 1962). Here, plaintiff chose to bring his action in King County Superior Court. Prior to the filing of the Notice of Removal, COP was advised of plaintiff's position with regard to the existence of two named defendants and that diversity did not exist. In this circumstance, plaintiff's choice of where to file an action cannot reasonably be considered "forum" shopping.

C. **REPORTED CASES INDICATE THAT THE MORMON CHURCH HAS SUED AND BEEN SUED.**

Defendant asserts that because COP exists, the Mormon Church is not an entity that can sue or be sued. In support of this assertion, COP asserts it is the entity that has employees and possesses assets (and that the Mormon Church, itself, has none).[6] However, reported cases from around the country indicate that the Mormon Church itself has been involved in litigation, both as a plaintiff and as a defendant, on numerous occasions, that it has employees and that it possesses assets.

The Mormon Church is the named plaintiff in the following actions:

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County,* 741 F.Supp. 1522 (N.D. Ala. 1990) ("church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county. . . .")

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County, Alabama,* 721 F.Supp. 1212 (N.D. Ala. 1989) ("vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property. . . .")

---

[6] *See* Opposition to Motion to Amend/Remand, pg. 2, ll. 21-33.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 4 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

- *Stotts v. Church of Jesus Christ of Latter-Day Saints vs. Lindsey Constr. Co.*, 882 P.2d 1106 (Okla. App. 1994) (in defending claim against it, church defendant instituted a third party complaint).

The Mormon Church, itself, was the named defendant in the following cases:

- *Davis v. Church of Jesus Christ of Latter-Day Saints*, 852 P.2d 640 (Mont. 1993) (defended fraud claim)

- *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 1999 (4th Cir. 1997) (defended copyright infringement action);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona*, 714 P.2d 431 (Ariz. App. 1985) (defending claim by parents of child who was killed after being struck by an automobile when he rode his bicycle from church parking lot into city street);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona*, 764 P.2d 759 (Ariz. App. 1988) (defending claim by mother of victim of child abuse).[7]

The reported cases indicate that the Mormon Church, itself, has employees:

- *Church of Jesus Christ of Latter-day Saints vs. Industrial Commission of Arizona*, 724 P.2d 581 (Ariz. App. 1986) (claimant was "injured while employed by the Church of Jesus Christ of Latter-Day Saints. . . .");

- *Church of Jesus Christ of Latter-Day Saints vs. Industrial Comm'n of Utah*, 590 P.2d 328 (Utah 1979) (case involved workman's compensation claim by a person who was "employed by Plaintiff [the Church]");

- *Schmoyer v. Church of Jesus Christ of Latter-Day Saints*, 343 S.E.2d 551 (N.C. App. 1986) (plaintiff's-decedent was "employed as a custodian at the Church of Jesus Christ of Latter-Day Saints.")

Finally, the issue of whether the Mormon Church itself has no assets is called into question by at least one reported case: *Church of Jesus Christ of Latter-Day Saints v.*

---

[7] For the Court and counsel's reference, the first page of each of these decisions is attached to the declaration of Timothy D. Kosnoff as **Exhibit A**.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 5 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

*Scarborough,* 189 F.2d (1951) (plaintiff brought action against the Church to "recover $7000 which was on deposit with the Church. . . .")

D.  **THE MORMON CHURCH CAN BE SERVED WITH PROCESS.**

RCW 4.28.080 provides the process by which a defendant can be served with process. That statute provides, in pertinent part:

> (10) If the suit be against a foreign corporation. . . . **association** doing business within this state, to **any** agent, cashier or secretary thereof.

The Mormon Church has multiple agents within this state – any Bishop or other clergy member would presumably suffice. Furthermore, Gordon B. Hinckley is the President of the Mormon Church. Service could be accomplished by personal service on Mr. Hinckley.

E.  **COP HAS ADMITTED THAT THE INCLUSION OF THE MORMON CHURCH AS A DEFENDANT DESTROYS DIVERSITY.**

In the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints,* U.S.D.C., District of Oregon (Cause No. 98-366AA) the plaintiff named four defendants (1) the Corporation of the Presiding Bishop, (2) the Mormon Church itself, (3) the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and (4) Gregory Lee Foster. All four defendants appeared and answered the Complaint.[8] The defendants in that action – including COP – then brought a motion for determination of diversity. Included within the assertions made by COP was the fact that inclusion of the Mormon Church as a defendant destroyed diversity. In making that prior motion, COP admitted that "lack of jurisdiction is not waivable," and the jurisdictional defect can be raised

---

[8] *See* Answer of Defendants Gregory Foster, the Church of Jesus Christ of Latter-day Saints, Corporation of the President and Corporation of the Presiding Biship of the Church of Jesus Christ of Latter-day Saints, attached to Declaration of Timothy D. Kosnoff, as **Exhibit B.**

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 6 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

at any time and, thus, sought the judicial determination of diversity.[9] The same situation is present here – the inclusion of the Mormon Church as a defendant destroys diversity. Consequently, the case must be remanded to the Superior Court.

## IV. CONCLUSION

For the above-stated reasons, plaintiff respectfully requests that this Court GRANT his motion to amend and remand.

RESPECTFULLY SUBMITTED this 26th day of May, 2006.

> GORDON, THOMAS, HONEYWELL,
> MALANCA, PETERSON & DAHEIM LLP
>
> By:   /s/ Michelle A. Menely
> Michael T. Pfau, WSBA No. 24649
> mpfau@gth-law.com
> Michelle A. Menely, WSBA No. 28353
> mmenely@gth-law.com
> Co-Counsel for Plaintiff
>
> LAW OFFICES OF TIMOTHY D. KOSNOFF
>
> By:   /s/ Timothy D. Kosnoff
> Timothy D. Kosnoff, WSBA No. 16586
> timkosnoff@comcast.net.
> Co-Counsel for Plaintiff

---

[9] *See,* Church Defendant's Reply on their Motion for Judicial Determination of Diversity Jurisdiction, pg. 3, ll. 19-20, attached to Plaintiff's Motion to Amend/Remand.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 7 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

<u>CERTIFICATE OF ELECTRONIC FILING</u>

I hereby certify that on May 26, 2006, I electronically filed the foregoing **REPLY TO OPPOSITION TO MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

DATED this 16th day of May, 2006.

/s/ Bernadette Lovell
Legal Assistant to Michelle A. Menely

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 8 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575