UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>Defendant. | No. C06-556Z<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants and Motion to Remand, docket no. 5. The Court being fully advised now GRANTS the motions as set forth in this Order:

**Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants**

Plaintiff, Rob Rinde, failed to plead the existence of two defendants in his Complaint. See Compl., docket 3. The Court therefore construes Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants as a motion to join the "'Mormon Church' The Church of Jesus Christ of Latter-Day Saints" (hereinafter referred to as the "Mormon Church") as a defendant.

MINUTE ORDER  1–

The Mormon Church is an unincorporated association with members in all fifty states. Rytting Decl., docket 7, ¶ 5; Def.'s Opp'n, docket 6, at 2. It is well-established that the citizenship of unincorporated associations is the citizenship of each of the individual members of the association. Johnson v. Columbia Props. Anchorage, 437 F.3d 894, 899 (9th Cir. 2006). Thus, the Mormon Church is a non-diverse defendant.

"[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Joinder of a diversity-destroying defendant pursuant to Section 1447(e) is left to the discretion of the district court. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

Having considered the six factors described in Boon, 229 F. Supp. 2d at 1019-20, the Court concludes that permitting joinder under Section 1447(e) is appropriate in the present case. Permitting joinder of the Mormon Church would facilitate a just adjudication of the matter. Conversely, disallowing joinder would hinder Mr. Rinde from asserting his rights against an entity allegedly involved in the breach of duties and related causes of action. See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). The absence of the Mormon Church as a named defendant could preclude Mr. Rinde from recovering damages for any fault attributable to the Mormon Church. See Kottler v. Wetherington, 136 Wn.2d 437, 445-47 (1998). In contrast, "[t]here will be little prejudice to Defendant[] from allowing amendment and remand at such an early stage in the case." Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000). Although Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") argues that Mr. Rinde's sole purpose for seeking joinder is to destroy diversity

MINUTE ORDER  2–

jurisdiction, the Court "declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." IBC Aviation Servs., 125 F. Supp. 2d at 1012.

COP also contends that the Mormon Church is not a proper party because once a religious entity has chosen to incorporate, only the corporate form may be sued. The cases cited by COP, however, merely support the general rule that religious controversies are not the proper subject of civil court inquiry. See, e.g., Islamic Ctr. of Harrison, Inc. v. Islamic Science Found., Inc., 628 N.Y.S. 2d 179, 179 (App. Div. 1995). Although the Free Exercise Clause of the United States Constitution "restricts the government's ability to intrude into ecclesiastical matters or to interfere with a church's governance of its own affairs," Bollard v. California Province of the Soc'y of Jesus, 196 F.3d 940, 945 (9th Cir. 1999), a religious association does not operate wholly free from civil law. "The First Amendment does not provide churches with absolute immunity to engage in tortious conduct. So long as liability is predicated on secular conduct and does not involve the interpretation of church doctrine or religious beliefs, it does not offend constitutional principles." C.J.C. v. Corp. of Catholic Bishop of Yakima, 138 Wn.2d 699, 728 (1999) (citing Sanders v. Casa View Baptist Church, 134 F.3d 311, 366 (5th Cir. 1998)).

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants, docket no. 5. The Clerk is directed to file the Proposed Amended Complaint, attached as Exhibit A to the Kosnoff Decl., docket no. 5.

**Plaintiff's Motion to Remand**

Diversity jurisdiction requires complete diversity of citizenship between the parties to an action. 28 U.S.C. § 1332(a); Cardon v. Arkoma Assocs., 494 U.S. 185, 187 (1990). Once a non-diverse defendant is joined, remand becomes mandatory: "[a] district court may not allow joinder of a non-diverse party and retain jurisdiction." Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004); see also 28 U.S.C. § 1447(e). Because the

MINUTE ORDER  3–

Court is granting Plaintiff's motion to join the Mormon Church as a non-diverse defendant, remand is mandatory. Accordingly, the Court GRANTS the Plaintiff's Motion to Remand, docket no. 5.

The Clerk is directed to remand the case to King County Superior Court, Case No. 06-2-09825-1SEA, in accordance with this Order.

IT IS SO ORDERED.

Filed and entered this 30th day of June, 2006.

Thomas S. Zilly
United States District Judge

MINUTE ORDER  4–